UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:19-CV-00159-JHM

MICHAEL L. WALDEN                                                    PLAINTIFF

V.

GENERAL ELECTRIC INTERNATIONAL, INC.          DEFENDANTS
A/K/A GENERAL ELECTRIC
A/K/A GE AVIATION
And
COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, CLC

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant General Electric's (GE) and Communication Workers of America's (CWA) Motion to Dismiss. [DN 7, DN 8]. Fully briefed, this matter is ripe for decision. For the following reasons, GE's motion is **DENIED IN PART AND GRANTED IN PART**. CWA's motion is **GRANTED**.

### I. BACKGROUND

Plaintiff Michael Walden works at a GE facility, where he is a member of the CWA union. [DN 1 ¶¶ 9–10]. CWA has a collective-bargaining agreement (CBA) with GE that governs Walden's employment. [*Id.* at ¶ 14]. At 63 years old, Walden applied for a promotion to the Tool and Die Maker position. [*Id.* at ¶ 11]. Walden alleges that he passed a test that he was required to take for the position. [*Id.* at ¶ 13]. He further alleges that the CBA requires that Walden be promoted, as the most senior applicant who was qualified, to receive the position. [*Id.* at ¶ 14]. Walden, however, was not promoted. [*Id.* at ¶ 15]. He alleges that, instead, a younger candidate with less seniority was promoted. [*Id.*]. Walden sued GE and CWA alleging age discrimination, hostile work environment, and a violation of § 301 of the Labor Management Relations Act (LMRA). [DN 1].

## II. STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiffs," *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true," *id.*, and determine whether the "complaint . . . states a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. Instead, "a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* at 677 (quoting FED. R. CIV. P. 8(a)(2)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

## III. DISCUSSION

GE makes three arguments: (1) § 301 of the LMRA preempts Walden's state age discrimination claim, (2) Walden failed to sufficiently plead his § 301 claim, and (3) Walden failed to sufficiently plead his federal age discrimination claim. [DN 7-1 at 1–2, DN 15 at 3–4]. CWA argues that Walden failed to sufficiently plead that it violated its duty of fair representation. [DN 8-1 at 2]. The Court will consider each of these arguments.

**A. Documents Outside the Pleadings**

The Court must first determine whether to consider the items that GE relies on outside the Complaint. If "matters outside the pleadings are presented to and not excluded by the court" when ruling upon a motion under Rule 12(b)(6), the Federal Rules require that "the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). This Rule does not require the Court to convert a motion to dismiss into a motion for summary judgment every time the Court reviews documents that are not attached to the complaint. *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999). "[W]hen a document is referred to in the complaint and is central to the plaintiff's claim . . . [,] the defendant may submit an authentic copy [of the document] to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." *Id.* (quotation omitted); *see Stein v. HHGREGG, Inc.*, 873 F.3d 523, 528 (6th Cir. 2017) ("[A] court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein.").

GE attached the EEOC Charge of Discrimination to its motion. [DN 7-2]. The EEOC Charge is referred to in the Complaint and is central to claims regarding discrimination in the Complaint. [DN 1 ¶ 3]; *see Schultz v. Hydro-Gear Ltd.*, No. 5:12-CV-10, 2012 WL 3527068, at *2 (W.D. Ky. Aug. 15, 2012) (holding that a plaintiff's charge of discrimination filed with the EEOC is a "public record[] which may be considered by the Court in ruling on a Rule 12(b)(6) motion to dismiss"). Thus, the EEOC Charge will be considered by the Court.

GE also attached to its Reply an exhibit from its position statement submitted to the EEOC. [DN 15-1]. The document itself does not appear to be connected to an EEOC file. The document

has no date on it, no score, and does not indicate what a passing score is. [*Id.*]. Furthermore, the exhibit was not attached until GE submitted its reply. As a result, Walden has not had a chance to respond to the document. The Court will not consider the exhibit attached to GE's Reply. As such, the Court declines to convert the motion to a Motion for Summary Judgment.

**B. Section 301 of the LMRA**

Section 301 of the LMRA authorizes district courts to hear "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a). "Section 301 governs claims founded directly on rights created by [CBAs], and also claims substantially dependent on analysis of a [CBA]." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) (citations and internal quotation marks omitted). "[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (internal citation omitted).

**1. Preemption**

GE argues that § 301 of the LMRA preempts Walden's Kentucky Civil Rights Act (KCRA) age discrimination claim. [DN 15 at 3–4]. To determine whether a plaintiff's claims are preempted by § 301 of the LMRA, the Sixth Circuit uses a two-step test:

> First, courts must determine whether resolving the state-law claim would require interpretation of the terms of the [labor contract]. If so, the claim is preempted. Second, courts must ascertain whether the rights claimed by the plaintiff were created by the [labor contract], or instead by state law. If the rights were created by the [labor contract], the claim is preempted. In short, if a state-law claim fails either of these two requirements, it is preempted by § 301.

*Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 519 (6th Cir. 2012) (alteration in original) (citations omitted).

In the first step, "[i]f the plaintiff can prove all of the elements of his claim without the necessity of contract interpretation, then his claim is independent of the labor agreement." *DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994) (citation omitted). "[N]either a tangential relationship to the CBA, nor the defendant's assertion of the contract as an affirmative defense will turn an otherwise independent claim into a claim dependent on the labor contract." *Id.*

Beginning with the first step of the test, to determine whether Walden's KCRA claim requires interpretation of the CBA, the Court must look to the elements of age discrimination under Kentucky law. "Claims brought under the KCRA are 'analyzed in the same manner'" as claims under the Age Discrimination in Employment Act (ADEA). *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 393 (6th Cir. 2008) (citation omitted). A plaintiff may prove his claim through direct or circumstantial evidence. *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir. 2011) (citation omitted). Walden appears to allege age discrimination based on circumstantial evidence. [*See* DN 1]. To establish a prima facie case of age discrimination based on circumstantial evidence, Walden must show that: "(1) [he] is a member of the protected class; (2) [he] applied for and was qualified for a promotion; (3) [he] was considered for and was denied the promotion; and (4) other employees of similar qualifications who were not members of the protected class received promotions at the time the plaintiff's request for promotion was denied." *Provenzano*, 663 F.3d at 812–13 (citations omitted).

Here, to determine whether Walden was qualified for the position that he applied for, the CBA would need to be interpreted. Indeed, Walden alleges that "the CWA's [CBA] with [GE] provided that [he], as the most senior applicant with the minimum qualifying criteria, was required to receive the promotion." [DN 1 ¶ 14]. He also says, "[GE] breached the [CBA] with CWA by not promoting [him] to the position of Tool and Die Maker in December 2018 or anytime

5

thereafter." [*Id.* at ¶ 18]. Walden's claim "is not merely one in which he asserts that [GE] violated his rights under the statute," his allegation requires examining the CBA because he alleges that per the CBA he was required to receive the position. *Saunders v. Ford Motor Co.*, No. 3:14-CV-00594-JHM, 2016 WL 6868155, at *5 (W.D. Ky. Nov. 18, 2016). Thus, Walden's age discrimination claim is preempted by § 301 of the LMRA.[1] *See Slinker v. Jim Beam Brands Co.*, 689 F. App'x 406, 408–09 (6th Cir. 2017) (holding that the plaintiff's KCRA age discrimination claim was preempted because the "complaint amply suggest[ed] interpretation of the union contract's drug-testing article is required to adjudicate his claim under Kentucky law"); *see also Berry v. Coastal Int'l Sec., Inc.*, 968 F. Supp. 2d 104, 111 (D.D.C. 2013) ("Since the seniority privileges and the rules regarding promotions that plaintiff seeks to vindicate derive from the CBA, his age discrimination claim based on his non-selection is preempted by section 301."). Therefore, Walden's KCRA age discrimination claim is dismissed.

### 2. Hybrid § 301 Claim

"A hybrid § 301 claim consolidates two separate but interdependent actions: one against the employer for breach of the [CBA] and one against the union for breach of the duty of fair representation." *Young v. UAW, Local 651*, 686 F. App'x 304, 307 (6th Cir. 2017) (citation and internal quotation marks omitted). "Although the component claims are distinct, '[l]iability attaches to neither employer nor union unless fault can be proved as to both.'" *Id.* (alteration in original) (citation omitted); *Clayton v. UAW*, 451 U.S. 679, 684 n.4 (1981).

---

[1] Even though the claim is preempted under the first step of the Sixth Circuit's test, the Court notes that contrary to GE's assertion, the rights claimed by Walden are created by state law under the second step of the Sixth Circuit's test. [DN 7-1 at 5]. Walden has a right not to be discriminated against under state law independent of the CBA. *See Saunders*, 2016 WL 6868155, at *5 (finding that the right claimed by the plaintiff in a disability discrimination claim arises under state law because he had a right not to be discriminated against independent of the CBA).

### a. GE's Alleged Breach of the CBA

GE asserts that Walden's § 301 claim should be dismissed because he did not sufficiently plead it. [DN 7-1 at 7].

> It is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached. Furthermore, the Court is not required to accept as true legal conclusions asserted in the Complaint. The bare bones statement that a defendant breached a contract, unaccompanied by any other support or factual allegation, is simply not enough to survive a motion to dismiss.

*Smith v. Westlake Vinyls, Inc.*, 403 F. Supp. 3d 625, 635 (W.D. Ky. 2019) (citations and internal quotation marks omitted).

In *Smith*, the Court dismissed a § 301 claim because the plaintiff "fail[ed] to identify which CBA provision [the defendant] violated or how [the plaintiff's] termination violated that CBA provision. Instead, [the plaintiff's] Complaint states—without further explanation, facts, or reference to a specific CBA provision—the vague legal conclusion that his termination breached the CBA's terms." *Smith*, 403 F. Supp. 3d at 635.

Here, Walden provides more factual allegations than the plaintiff in *Smith*. Walden alleges that "the CWA's [CBA] with [GE] provided that Walden, as the most senior applicant with minimum qualifying criteria, was required to receive the promotion." [DN 1 ¶ 14]. He also alleges that "[GE] breached the [CBA] with CWA by not promoting Walden to the position of Tool and Die Maker in December 2018 or anytime thereafter." [*Id.* at ¶¶ 18, 28]. While Walden does not cite a specific section of the CBA, he does explain why GE's alleged denial of his promotion violated the CBA unlike the plaintiff in *Smith*. The plaintiff in Smith alleged that "Defendant's termination of Plaintiff's employment was in violation of the CBA referenced herein." *Smith*, 403 F. Supp. 3d at 625. Walden alleges enough to show GE breached the CBA.

### b. CWA's Alleged Breach of the Duty of Fair Representation

GE and CWA both argue that Walden has not sufficiently plead a breach of CWA's duty of fair representation. [DN 7-1 at 8, DN 8-1 at 2]. Walden alleges that "CWA breached its duty by not providing fair representation or by providing arbitrary representation to [him] with respect to this grievance related to seeking the Tool and Die Maker Promotion in or around December 2018 and thereafter." [DN 1 ¶ 27]. He identifies four specific ways that CWA breached its duty: "(1) it failed to timely pursue the grievance on his behalf, (2) it failed to vigorously pursue the grievance on his behalf, (3) it failed to keep him informed on the status of the grievance made on his behalf, and (4) it provided better, and adequate representation to a similarly situated member that it denied him." [*Id.* at ¶ 17].

The duty of fair representation is breached "when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967) (citation omitted). "Under this tripartite standard, a court should look to each element when determining whether a union violated its duty." *Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 619 (6th Cir. 2010) (citation omitted). "[A plaintiff] must allege specific facts in support of a finding 'that the union's actions or omissions during the grievance process were arbitrary, discriminatory, or in bad faith.'" *Blessing v. USW*, 244 F. App'x 614, 621 (6th Cir. 2007) (citation omitted). It is not enough to simply assert that the union's actions or omission were arbitrary, discriminatory, or in bad faith to make out a claim of breach of the duty of fair representation. *Id.* Also, "a hybrid-claim plaintiff must prove that a union's actions or omissions 'more than likely affected' the outcome of the grievance procedure." *Blesedell v. Chillicothe Tel. Co.*, 811 F.3d 211, 221 (6th Cir. 2016) (quoting *Dushaw v. Roadway Express, Inc.*,

66 F.3d 129, 132 (6th Cir. 1995)); *see Groves v. CWA*, 815 F.3d 177, 181 (4th Cir. 2016) (explaining "[the] Sixth Circuit[] [has a] causal nexus requirement[] for hybrid § 301 claims).

Here, Walden alleges specific ways that the CWA violated its duty. [DN 1 ¶ 17]. The factual allegations in Walden's Complaint support an inference that CWA's alleged failures where arbitrary, discriminatory, or in bad-faith. [DN 1 ¶ 17]. Walden, however, has not sufficiently alleged facts from which it could be inferred that CWA's alleged failures regarding his grievance more than likely affected the outcome of the grievance process. *See Martin v. AK Steel Corp.*, No. 17-1189, 2017 5664923, at *3 (6th Cir. Sept. 27, 2017) (finding "[the plaintiff] failed to allege any facts from which it could be inferred that [the union representative's] alleged failure to investigate his grievance more than likely affected the outcome of the grievance process"). Walden does not sufficiently plead that CWA violated its duty of fair representation. Therefore, Walden did not sufficiently plead a hybrid § 301 claim.[2]

**C. ADEA Claim**

As previously discussed, to establish a prima facie case of age discrimination, Walden must show that: "(1) [he] is a member of the protected class; (2) [he] applied for and was qualified for a promotion; (3) [he] was considered for and was denied the promotion; and (4) other employees of similar qualifications who were not members of the protected class received promotions at the time the plaintiff's request for promotion was denied." *Provenzano*, 663 F.3d at 812–13 (citations omitted). GE argues that Walden failed to plead all elements of a prima facie case, except the first element. [DN 7-1 at 6].

---

[2] Considering the Court's determination that Walden failed to sufficiently plead a hybrid § 301 claim, the Court need not determine whether, as GE and CWA argue, Walden's hybrid § 301 claim is time-barred. [DN 7-1 at 8 n.6, DN 8-1 at 4].

Regarding the second element, Walden pleads that he applied for the Tool and Die Maker position. [DN 1 ¶ 11]. He alleges that he not only passed the test, but also was qualified and the most senior candidate to apply for the position. [*Id.* at ¶¶ 12–13]. GE contends that Walden's Complaint contradicts his EEOC Charge. [DN 7-1 at 6]. In his EEOC Charge, Walden says when he applied for the position and took the test, he did not receive the job. [DN 7-2]. He further details that when he applied for the position again about two month later, he was "subjected to adverse terms and conditions of employment." [*Id.*]. He still was not promoted. [*Id.*]. The allegations in the Complaint and the EEOC Charge do not conflict. Walden sufficiently pleads the second element.

As for the third element, Walden was considered for the position because he would not have been denied the position if he was not being considered. *See White v. Columbus Metro. Hous. Auth.*, 429 F.3d 232, 241 n.4 (6th Cir. 2005) (agreeing with the district court's reasoning that a plaintiff satisfied the third element because she "was considered at some stage of the hiring procedure or she would not have received the rejection letter"). Walden has also alleged that he was not promoted. [DN 1 ¶ 15]. Thus, Walden sufficiently pleads the third element.

In pleading the fourth element, Walden also alleges that a younger candidate, with less seniority, was promoted and that GE treated him less favorably than it treated younger applicants because of his age. [*Id.* at ¶ 15, 23]. Therefore, Walden sufficiently pleads a prima facie case of age discrimination under the ADEA.

**D. Hostile Work Environment Claim**

Walden alleges that GE " created a hostile work environment for [him] because of his age." [DN 1 ¶ 20]. GE does not address the hostile work environment claim in its Motion to Dismiss. Thus, this claim remains.

## IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that GE's Motion to Dismiss is **DENIED IN PART AND GRANTED IN PART**. CWA's Motion to Dismiss is **GRANTED**. Walden's ADEA age discrimination claim and hostile work environment claim remain.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

April 6, 2020

cc: counsel of record