UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:19-CV-00159-JHM-HBB


MICHAEL L. WALDEN                                                    PLAINTIFF


VS.


GENERAL ELECTRIC INTERNATIONAL, INC., *et al.*          DEFENDANTS


MEMORANDUM OPINION
AND ORDER

Before the Court is Plaintiff Michael L. Walden's motion for leave to file an amended

complaint (DN 17).  Defendant General Electric International, Inc. (GE) has responded in

opposition (DN 18).  Defendant Communication Workers of America, AFL-CIO, CLC (CWA)

has not responded to the motion.  Walden has filed a reply (DN 19).  This matter is ripe for

determination.  For the reasons set forth below, Walden's motion for leave to file an amended

complaint (DN 17) is **GRANTED**.

Nature of the Case

Walden's complaint alleges that he works at a GE facility in Madisonville, Kentucky,

where he is a member of the CWA union (DN 1 ¶¶ 9-10).  The CWA has a collective-bargaining

agreement (CBA) with GE that governs Walden's employment (Id. at ¶ 14).  In December 2018,

while he was 63 years old, Walden applied for a promotion to the Tool and Die Maker position

with GE (Id. at ¶ 11).  Walden alleges he was highly qualified for the position, the most senior

candidate to apply for the position, and he passed the test he was required to take for the position

(Id. at ¶ 12-13).  Further, Walden alleges that the CBA requires he be promoted because he is the

1

most senior applicant qualified for the position.  (Id. at ¶ 14).  Walden alleges he did not receive the promotion because a younger candidate with less seniority was promoted (Id. at ¶ 15). Walden sued GE and CWA alleging age discrimination under the Age Discrimination in Employment Act (ADEA) and the Kentucky Civil Rights Act (KCRA), violations of § 301 of the Labor Management Relations Act (LMRA), and a hostile work environment because of his age (DN 1 PageID # 2-5; DN 16 PageID # 87, 96).

Both GE and CWA filed motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (DN 7, 8).  GE argued §301 of the LMRA preempts Walden's KCRA age discrimination claim, Walden failed to sufficiently plead his hybrid § 301 claim, and Walden failed to sufficiently plead his federal age discrimination claim (DN 7-1, DN 15).  CWA argued that Walden failed to sufficiently plead that it violated its duty to fair representation (DN 8-1).

The Court dismissed Walden's KCRA age discrimination claim because it was preempted by § 301 of the LMRA (DN 16 PageID # 90-92, 97).  The Court dismissed Walden's hybrid § 301 claim against GE and CWA as he failed to sufficiently plead that CWA breached its duty of fair representation (Id. PageID # 92-95, 97).  The Court did not dismiss Walden's ADEA age discrimination claim because it was sufficiently pled (Id. PageID # 95-96, 97).  The Court indicated that Walden's hostile work environment claim remained because it had not been addressed in GE's motion to dismiss (Id. PageID # 96, 97).  Thus, the Court ordered that GE's motion to dismiss is denied in part and granted in part, and that CWA's motion to dismiss is granted (Id. PageID # 97).

## Walden's Motion

Walden seeks leave to file an amended complaint that sets forth additional factual allegations in support of his dismissed hybrid §301 claim (DN 17).  Walden argues this is a

meritorious claim and the additional factual allegations in the Proposed Amended Complaint are sufficient to infer that CWA's alleged failures regarding his grievance more than likely affected the outcome of the grievance process.  Additionally, the proposed amended complaint deletes the age discrimination claim under KCRA that the Court found preempted by § 301 of the LMRA.

GE's Response

GE's opposition to the motion begins with a policy argument (DN 18 PageID # 111).  GE points out that during the pendency of the motions to dismiss, Walden declined to seek leave to amend his complaint, instead standing on the factual allegations in his original complaint (Id.).  Now that the Court has dismissed the hybrid §301 claim, Walden is attempting to turn back the clock, utilize the Court's decision like an advisory opinion, and bring his claim back to life (Id.).  GE argues the Court should deny Walden's motion because this "is the sort of 'cat and mouse' tactic that reviewing courts have previously described with concern" (Id.).

Next, GE argues that Walden's attempt to resuscitate the dismissed hybrid §301 claim is futile because the new factual allegations confirm the claim is time barred (DN 18 PageID # 111).  GE points out that paragraph 24 in the proposed amended complaint alleges Walden filed Grievance No. 2019-026 as a result of his failure to qualify for the Toolmaker position in December 2018 (Id.).  GE contends that Grievance No. 2019-026, "which the Court may consider due to its centrality to the allegations in the Proposed Amended Complaint, demonstrates instead that Mr. Walden questioned his failure to qualify 'a second time' – *i.e.* not the original application for the two December 2018 Toolmaker positions, but instead other positions not addressed in the Proposed Amended Complaint" (DN 18 PageID # 111-12 citing DN 18-1).  GE asserts, because of his referencing the specific grievance number, it knows that he never actually grieved his

3

failure to qualify for the December 2018 positions (Id. PageID # 112).  GE contends "[i]n the absence of any grievance, Mr. Walden's statute of limitations ran six months later in May 2019 before he filed this action, and thus his attempt to resuscitate an LMRA claim premised on the December 2018 positions fails as futile" (Id. citing DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 172 (1983) (confirming six-month statute of limitations)).  Therefore, Walden's motion should be denied (Id.).

GE also argues despite his adding numerous factual allegations in the Proposed Amended Complaint, Walden has not included a single factual allegation that demonstrates instances of offensive or otherwise inappropriate conduct based on age, much less conduct so severe or pervasive as to constitute actionable harassment (DN 18 PageID # 112).  GE contends that Walden does not point to a single specific instance of such conduct advancing his ADEA hostile work environment claim (Id.).  GE asserts that Walden's allegations, even if true, fall short of rising to the level of actionable harassment under the ADEA (Id.).  Therefore, the Court should dismiss his ADEA hostile work environment claim (Id.).

Walden's Reply

Walden points out that GE's policy argument should fail because GE cities no legal authority supporting its position (DN 19 PageID # 115, 116).  Additionally, Walden contends he is not attempting to play "cat and mouse" games as GE suggests (Id.).  Rather, the Court dismissed without prejudice the hybrid §301 claim because it lacked sufficient factual support (Id.).  Walden contends his Proposed Amended Complaint provides the factual support necessary for this viable claim to proceed (Id.).

Next, Walden argues that GE's futility argument should fail because it is based on a misunderstanding concerning the grievance he filed (DN 19 PageID # 116-17).  Walden explains

the grievance is related to his twice being denied the Tool and Die Maker position, one of those times being December 2018 which is the subject of this civil action (Id. PageID # 117).[1] Walden points out he filed the grievance within six months of GE's December 2018 breach of the CBA (Id.).[2] Therefore, the statute of limitations were tolled, as opposed to expired, when he filed his Complaint (Id.). Relying on Lombard v. Chrome Craft Corp., 264 F. App'x 489, 492 (6th Cir. 2008), Walden reasons that the statute of limitations remain tolled because GE and CWA, through their own actions or lack thereof, have never resolved his grievance (Id.). For these reasons, Walden argues his Proposed Amended Complaint is not futile (Id.).

Walden contends that his hostile work environment claim should be allowed to proceed (DN 19 PageID # 117-18). He argues that GE's argument is not an accurate depiction of the factual assertions in the Complaint and Proposed Amended Complaint (Id.). Further, Walden points out that the Court has already determined that this claim should proceed in its April 6, 2020 order (Id.).

Discussion

As the Court's prior decision disposed of fewer than all Walden's claims, it is an interlocutory order (DN 16 PageID # 97). See Holland v. Mercy Health, 375 F. Supp. 3d 819, 820 (N.D. Ohio 2019) (citing Dyer v. Osterhout, No. 18-2233, 2018 WL 7132457, at *1 (6th Cir. Nov. 21, 2018)). This means Walden may seek leave to file an Amended Complaint without first satisfying the requirements for reopening a case under Rules 59 and 60. See Holland, 375 F. Supp.

---

[1] Walden's reply memorandum indicates "December 2020" (DN 19 PageID # 117). The Court concludes this is a typographical error and that he meant December 2018. In reaching this conclusion, the Court notes that December 2020 is more than six months in the future and is inconsistent with Walden's argument (Id.) and the factual allegations in both the Complaint (DN 1) and Proposed Amended Complaint (DN 17-1).

[2] Walden's reply memorandum indicates "December 2017" (DN 19 PageID # 117). The Court concludes this is a typographical error and that he meant December 2018. In reaching this conclusion, the Court notes that December 2017 is inconsistent with Walden's argument (Id.) and the factual allegations in both the Complaint (DN 1) and Proposed Amended Complaint (DN 17-1).

5

3d at 820 (Rules 59 and 60 do not apply to an interlocutory order that disposed of fewer than all of the Holland's claims).

Demonstrating a strong preference for deciding cases on the merits, "the Sixth Circuit has held it is not appropriate to dismiss even improperly pled claims with prejudice without giving the party an opportunity to correct the pleading deficiency." Empire Title Serv's, Inc. v. Fifth Third Mortg. Co., 298 F.R.D. 528, 530 (N.D. Ohio 2014). Further, the Sixth Circuit has indicated "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc., 342 F.3d 634, 644 (6th Cir. 2003) (internal citations and quotation marks omitted).

Here, the Court identified a pleading deficiency as to Walden's hybrid §301 claim (DN 16 PageID # 92-95). Specifically, Walden "has not sufficiently alleged facts from which it could be inferred that CWA's alleged failures regarding his grievance more than likely affected the outcome of the grievance process" (Id.). Walden seeks leave to file an amended complaint that purportedly corrects this specific pleading deficiency. Thus, as a matter of policy, it is appropriate to address Walden's motion. Further, GE's policy argument to the contrary is unavailing.

Rule 15 of the Federal Rules of Civil Procedure governs a motion for leave to file an amend Complaint. Rule 15(a)(2) clearly mandates that the Court should freely grant leave to amend when justice so requires. See Holland, 375 F. Supp. 3d at 821; Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010); Crawford v. Roane, 53 F.3d 750, 753 (6th Cir. 1995). In evaluating the interests of justice, the Court should consider several factors, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." Coe v.

Bell, 161 F.3d 320, 341 (6th Cir. 1998) (quoting Brooks v. Celeste, 39 F.3d 125, 130 (6th Cir. 1994)).

In the Sixth Circuit, leave to amend a pleading may be denied on grounds of futility only if the amended pleading would not withstand a motion to dismiss. *See* Demings v. Nationwide Life Ins. Co., 593 F.3d 486, 490 (6th Cir. 2010); Kottmyer v. Maas, 436 F.3d 684, 691-692 (6th Cir. 2006). "The test, therefore, is whether the proposed amended pleading, with all the factual allegations accepted as true, states a claim for relief, not whether the claim is factually supportable or would be sufficient to withstand a motion for summary judgment." Cato v. Prelesnik, No. 1:08-CV-1146, 2010 WL 707336, at *2 (W.D. Mich. Feb. 22, 2010).

GE's futility argument asserts that the proposed amended complaint would not withstand a motion to dismiss because the hybrid §301 claim is time barred. But GE has strayed from the appropriate test because it challenges a factual assertion in the proposed amended complaint that "[a]t some point after the December 2018 incident, Walden did file a grievance, which is labeled 'Grievance 2019-026'" (DN 17-1 ¶ 24). More specifically, GE directs the reader to the grievance, dated March 12, 2019, and Walden's comment that "I was denied a toolmaker job for the second time" (*see* DN 18-1). From this vague statement, GE draws an adverse inference that Walden is grieving his failure to qualify for another Toolmaker position, not the December 2018 Toolmaker positions addressed in his complaint and proposed amended complaint. GE relies on this adverse inference to contend that Walden never actually grieved his failure to qualify for the December 2018 positions and, in the absence of such a grievance, his hybrid §301 claim is time barred because the six-month statute of limitations expired in May 2019, several months before he filed this action in November 2019. Because GE has strayed from the applicable standard, its futility argument fails.

7

GE is remarkably silent on the question of whether Walden's proposed amended complaint, with all the factual allegations accepted as true, is sufficient to correct the pleading deficiency in the hybrid §301 claim.   The undersigned responds to the question in the affirmative because the proposed amended complaint sufficiently alleges facts from which it could be inferred that CWA's alleged failures regarding Walden's grievance more than likely affected the outcome of the grievance process.

Finally, GE argues that Walden's ADEA hostile work environment claim should be dismissed because his allegations, even if true, fall short of rising to the level of actionable harassment under the ADEA.   But GE has not presented this failure to state a claim argument in a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6).   Therefore, this claim remains.

**IT IS HEREBY ORDERED** that Walden's motion for leave to file an amended complaint (DN 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to file the Amended Complaint tendered at DN 17-1.

May 27, 2020

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:  Counsel

8